UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

HAROLD DELONTAY JACKSON                                                                    PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:14CV-P103-R

CHAPLAIN RISNER *et al.*                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harold Delontay Jackson, a convicted inmate currently incarcerated at the Kentucky State Reformatory, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 complaining of events occurring during his detention at the Green River Correctional Complex (GRCC). This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the First Amendment free-exercise claim against Defendants for damages will proceed; all other claims will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff brings suit against the following GRCC officials in their individual capacities: Chaplain Risner; Unit Administrators Jenkins, Yates, and Wheeler; Correctional Treatment Officer Keller;[1] Warden Alan Brown; Deputy Warden of Programs Beck; and Deputy Warden of Security Ricky Williams.

Plaintiff reports that his religious preference was documented as Judaism in 2009 when he was incarcerated at the Eastern Kentucky Correctional Complex. Thereafter, reports Plaintiff, on February 24, 2014, while incarcerated at GRCC, he requested and signed up for "kosher

---

[1] Elsewhere in the complaint, Plaintiff refers to this Defendant as CTO Kelly.

diets" pursuant to "C.P.P. 23.1." He states that he "specificaly and directly" requested "kosher diets" from each named Defendant but that each Defendant refused to provide him kosher meals. Plaintiff, therefore, claims that Defendants violated the Free Exercise Clause of the First Amendment.

Plaintiff further reports that he "has suffered stress and has been threaten with punishment if he contiues to Heckle each defendant about his Kosher diet." Additionally, he contends that due to the denial of kosher meals, he "has been forced to forego the meal's served by Armart i.e. general pop-food to try to keep to his faith. Because of such [he] has lost 37 pound's and has constant fatige and stomach cramp's."

As relief, Plaintiff seeks monetary and punitive damages and an injunction directing Defendants to provide him with kosher meals.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. Claims for Damages

##### 1. Free Exercise

Plaintiff alleges a First Amendment free-exercise claim against Defendants for being denied a kosher diet and being "forced to forgo . . . general pop-food to try to keep to his faith" and losing weight and experiencing fatigue and stomach cramps in the process. Upon consideration, the Court will allow this claim to continue against all Defendants for damages. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (stating, in the context of a First Amendment free-exercise claim, that "'prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions'") (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)).

### *2. Retaliation*

A retaliation claim contains three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam).

Plaintiff alleges that he "has been threaten with punishment if he contiues to Heckle each defendant about his Kosher diet." Even if the Court were to liberally construe Plaintiff's use of the word "Heckle" as complaining about the denial of a kosher diet and, thus, constituting protected conduct, Plaintiff does not sufficiently allege facts supporting an adverse action. Indeed, he only broadly alleges that he was threatened with unspecified punishment. Further, Plaintiff fails to attribute this retaliation to any specific Defendant. For these reasons, Plaintiff fails to state a retaliation claim.

### *B. Claim for Injunctive Relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to his release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff asks the Court to direct Defendants to allow him kosher meals. Shortly after filing the complaint, however, Plaintiff was transferred away from GRCC to KSR. Because Plaintiff is no longer being denied kosher meals by GRCC Defendants, the claim for injunctive relief must be dismissed as moot.

## IV. **ORDER**

For the foregoing reasons,

**IT IS ORDERED** that the First Amendment free-exercise claim against all Defendants in their individual capacities for damages will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Scheduling Order governing the development of this claim.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005