UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00103-GNS

HAROLD DELONTAY JACKSON                                          PLAINTIFF

v.

ROBERT RISNER, et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (Defs.' Mot. for Summ. J., DN 17). Plaintiff has filed his response (Pl.'s Renewed Mot. in Opp'n to Defs.' Mot. for Summ. J., DN 19 [hereinafter Pl.'s Resp.]), and the time to file a reply has elapsed. For the reasons stated below, the Court **GRANTS** Defendants' motion.

### I. SUMMARY OF FACTS AND CLAIMS

Plaintiff Harold Delontay Jackson ("Jackson") declared his religious preference as Judaism on or about July 2009. (Compl. 4, DN 1). On February 24, 2014, while incarcerated at the Green River Correctional Center ("GRCC"), Jackson allegedly requested a Kosher diet from each of the defendants, which they refused to provide. (Compl. 4). He alleges that the failure to provide him a kosher diet began on April 22, 2014, and continued through May 12, 2014 (the date that he signed his Complaint). (Compl. 4-5). He states that he has lost 37 pounds and has

1

constant fatigue and stomach cramps from attempting to keep Kosher while being served the food available to the general population. (Compl. 4).

Defendants note that Jackson requested in May 2011 to be placed either at GRCC or the Kentucky State Penitentiary in order for his family, including his ailing mother, to be able to visit him. (Appeal of Classification Committee Action, DN 17-1). Defendant Chaplain Robert Risner testified under oath that Jackson made this request knowing that GRCC does not offer the Kosher Meal program. (Risner Aff., DN 17-2). Defendants state that Jackson was transferred to the Kentucky State Reformatory ("KSR") and again declared his religious preference as Judaism on May 15, 2012. (Kentucky State Reformatory Religious Preference Form, DN 17-3).

Defendants state that Jackson received two violation notices in June 2012 and was banned from the Kosher Diet Program on June 21, 2012, for one year. (Kosher Diet Participation Agreement – Violation & Warning, DN 17-6; Kosher Diet Participation Agreement – Violation & Dismissal, DN 17-7). This ban was rescinded, however, on June 28, 2012. (Kosher Diet Participation Agreement – Restoration of Status, DN 17-8).

Defendants state that Jackson was returned to GRCC on or about June 18, 2013. (Department of Corrections Transfer Authorization Form, DN 17-12). Jackson then requested admission into a Kosher Diet Program in February 2014, resulting in the April 25, 2014 approval of a second transfer of Jackson to KSR to participate in the Kosher Diet Program. (Kosher Diet Participation Agreement, DN 17-13; Department of Corrections Transfer Authorization Form, DN 17-14). Jackson transferred to KSR on May 15, 2014. (Bed Assignments, Aug, 12, 2015, DN

17-10). It is this period of time, from April 22, 2014, to May 15, 2014, for which Jackson seeks damages from Defendants' failure to provide him kosher meals.[1] (*See* Compl. 4-5).

## II. JURISDICTION

Plaintiff alleges claims arising under 42 U.S.C. § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine

---

[1] Defendants also discuss a time period between January 20, 2014, and February 24, 2014. (Defs.' Mot. for Summ. J. 6). The Court does not discern any reference to this time period in the Complaint, and therefore will not address it.

3

dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

"Qualified . . . immunity is an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (citation omitted). It consists of two aspects: one objective and the other subjective. *Id.* "The objective element involves a presumptive knowledge of and respect for 'basic, unquestioned constitutional rights.' The subjective component refers to 'permissible intentions.'" *Id.* (internal citation omitted) (quoting *Wood v. Strickland*, 420 U.S. 308, 322 (1975)). Qualified immunity will not protect an official who "knew or reasonably should have known" that his action taken within his "sphere of official responsibility" would violate a plaintiff's constitutional rights, or if the official "took the action with the malicious intent to cause a deprivation of constitutional rights or other injury . . . ." *Id.* (citation omitted). In short, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 816 (citations omitted). The Court may analyze whether the official "would reasonably believe that his actions were not in contravention of [the plaintiff's] rights" before finding that the plaintiff's constitutional rights were violated. *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (citation omitted). Because Defendants appear to acknowledge that their acts were discretionary, the only question is whether they violated one or more of Jackson's clearly

established statutory or constitutional rights of which a reasonable person would have known. (Defs.' Mot. for Summ. J. 9).

Case law on this precise issue is instructive. The Sixth Circuit has held "that prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Further, "[f]or the inmate, this is essentially a constitutional right not to eat the offending food item. If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id.* (citations omitted). In the same vein, the Sixth Circuit has also found that serving vegetarian meals, instead of specifically Halal meals, does not violate a Muslim prisoner's free exercise rights, as a vegetarian meal is indeed Halal. *Robinson v. Jackson*, 615 F. App'x 310, 311-14 (6th Cir. 2015).

Jackson admits in his Complaint that he was able to continue to keep Kosher laws without the benefit of the Kosher meal program during the time period he was awaiting transfer to the KSR from late April to mid-May 2014. (Compl. 4). A notation in Jackson's medical records reflects that on February 4, 2014, while still lodged at GRCC, Jackson weighed 203 pounds. (Defs.' Mot. for Summ. J. Ex. 19 at 3, DN 17-19). When he arrived at KSR, he weighed 205 pounds. (Defs.' Mot. for Summ. J. Ex. 8 at 3). Jackson thus did not lose 37 pounds during the time period in question but instead actually gained 2 pounds. Accordingly, the diet that Jackson adhered to from April 22, 2014, to May 15, 2014, meets the requirement enunciated in *Alexander* in that the diet was admittedly Kosher and was also sufficient to sustain good health. Because there is an absence of any evidence to support a violation of a constitutional right, Defendants are entitled to qualified immunity from Plaintiff's claims which must therefore be dismissed.

## V. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment (DN 17) is **GRANTED**.

A separate judgment will follow.

**Greg N. Stivers, Judge**
**United States District Court**

November 5, 2015

cc: Plaintiff, *pro se*
counsel of record